# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>ROSARIO PLACENSIA, a/k/a Cheyenne, a/k/a Jaime,<br><br>  Defendant. | No. C06-4005-MWB<br><br>**INITIAL REVIEW ORDER** |

## I.  *INTRODUCTION AND BACKGROUND*

This matter comes before the court on defendant Rosario Placensia's *pro se* Motion To Eliminate Enhancements and Reduce Sentence (#1).  In his motion, defendant Placensia requests that the court consider reducing his sentence in light of the United States Supreme Court decision in *United States v. Booker*, 125 S. Ct.738 (2005).  The court will treat defendant Placensia's motion as a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody.  If it plainly and conclusively appears from the face of a § 2255 motion and the files and records of the case that the moving defendant is not entitled to any relief, the court shall summarily dismiss the motion.  28 U.S.C. § 2255; Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

On January 24, 2002, a single count indictment was returned against defendant Placensia, charging him with conspiring to distribute methamphetamine, in violation of 21 U.S.C. § 846.  On July 25, 2002, a single count superceding indictment was returned against defendant Placensia charging him with conspiring to distribute methamphetamine,

in violation of 21 U.S.C. § 846. Trial of this case commenced on October 21, 2002. On October 23, 2002, the jury returned a verdict in which it found defendant Placensia guilty of the conspiracy charge. Defendant Placensia was subsequently sentenced to 262 months imprisonment on February 26, 2003. Defendant Placensia appealed his sentence and conviction. On January 16, 2004, defendant Placensia's appeal was denied by the Eighth Circuit Court of Appeals.

## II. LEGAL ANALYSIS

On January 12, 2005, the United States Supreme Court handed down its decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Court issued two separate majority opinions. *Id.* First, Justice Stevens, writing for the Court, held that the rule announced in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), applied to the federal sentencing guidelines. *Booker*, 125 S. Ct. at 745. Justice Stevens's opinion was grounded on the premise that the federal sentencing guidelines were mandatory and imposed binding requirements on all sentencing judges. *Id.* at 749. In the second majority decision, with Justice Breyer writing for the Court, the Court invalidated two provisions of the Sentencing Reform Act of 1984 that had the effect of making the Guidelines mandatory. *Id.* at 756. However, by its very terms, *Booker* states that it is to apply "to all cases on direct review." *Id.* at 769. The decision makes no reference to cases on collateral review. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to have considered the issue has held that *Booker* does not apply retroactively to cases on collateral review. *See Never Misses A Shot v. United States*, 413 F.3d at 781, 783 (8th Cir. 2005); *see also Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir.2005); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005); *Humphress*

2

*v. United States*, 398 F.3d 855, 857 (6th Cir. 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because this case was not pending on direct review when *Booker* was decided, the holdings of *Booker* would be inapplicable as a basis to attack the sentence here. *See Never Misses A Shot*, 413 F.3d at 783; *see also Lloyd*, 407 F.3d at 615-16; *Guzman*, 404 F.3d at 143-44; *Varela*, 400 F.3d at 868; *Price*, 400 F.3d at 845; *Humphress*, 398 F.3d at 857; *McReynolds*, 397 F.3d at 481. Therefore, defendant Placensia's motion is **denied.**

## *B. Certificate Of Appealability*

Defendant Placensia must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability in this case. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that defendant Placensia's motion does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R.

APP. P. 22(b). With respect to defendant Placensia's claim, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

Defendant Placensia's *pro se* § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 5th day of June, 2006.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by: /s/ des   6/05/06